JUAN GONZALES V. THE STATE.

No. 8984.    Delivered May 20, 1925.

**Manslaughter—Evidence—Res Gestae Properly Admitted.**

Appellant complains of the state having been permitted to ask the wife and son of the deceased, what, if anything they did to help the deceased, at the time of the homicide and after he was shot. The inquiry was directed to incidents immediately following the shooting, were *res gestae*, and properly admitted.

Appeal from the District Court of Williamson County. Tried below before the Hon. James E. Hamilton, Judge.

Appeal from a conviction of manslaughter; penalty, three years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Williamson County for the offense of manslaughter and his punishment assessed at confinement in the penitentiary for three years.

On August 26, 1923, appellant went to the home of deceased in a Ford car and according to the State's testimony, after some desultory conversation shot deceased down with a pistol while appellant was sitting in his car and deceased was standing nearby on the ground. Appellant then chased another mexican a short distance, fell down, came back, got in his car and drove off. It was the State's theory that the appellant was mad at the deceased because he was fixing to move himself and family away from the place where he was working for the deceased. Appellant claims he went to deceased's house and he and deceased got into a wordy altercation and the deceased tried to pull him out of his car, struck him in the face and drew a knife and tried to cut him, and then he shot deceased. Appellant's wife and children claimed to have seen the killing.

There are seven unnumbered bills of exception in the record, and we carefully considered each of them. The first two bills complain of the court's action in permitting the State to ask the wife of deceased if she went to her husband and tried to help him after he was shot and also because counsel asked her if she lifted up deceased after he was shot or tried to help him in any way. These bills show that this was immediately after the shooting occurred and the record further shows that the witness Browning had testified that deceased's wife and children refused to do anything for him after he was shot. This testimony under these conditions was clearly admissible. The same question is raised by three other bills with reference to the testimony of the young son of the deceased.

Complaint is also made of the court's action in permitting the State to prove by the young son of the deceased that he caught his father when he fell after being shot, and because the State asked the witness what he did or tried to do in regard to helping his father. This question was asked about the conduct of the witness while

the defendant was still present and while the transaction was actually taking place, and was clearly admissible.

Finding no error in the record, and the evidence being amply sufficient to support the judgment, it is our opinion that the case should in all things be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.